## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN PAUL BENNETT, SR., | :: | CIVIL ACTION NO. |
| Inmate # 99080907, | :: | 1:06-CV-2912-CAM |
| Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| MICHAEL CROFT, | :: | PRISONER CIVIL RIGHTS |
| Warden-Director, Irwin County | :: | 42 U.S.C. § 1983 |
| Detention Center, | :: | |
| R. L. (BUTCH) CONWAY, | :: | |
| Sheriff, Gwinnett County, | :: | |
| Defendants. | :: | |

## ORDER AND OPINION

Plaintiff, an inmate at the Irwin County Detention Center in Ocilla, Georgia, has submitted the instant pro se civil rights action.  For the purpose of dismissal only, leave to proceed in forma pauperis is hereby **GRANTED**.  The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

## I.  28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief.  A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the

face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989). "[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (reviewing the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

2

## II.  Plaintiff's allegations

Plaintiff alleges that he is illegally imprisoned in Irwin County for a crime he is charged with having committed in Gwinnett County, some 200 miles away.  [Doc. 1 ¶ IV.]  Plaintiff complains about the lack of an adequate law library.  He also complains about his inability to conduct reasonable attorney-client communications to help him prepare a defense and about "being deprived [of] the right to gather with friends and family through visitation," due to the great distances involved.  [Id.] Plaintiff complains further about the conditions at the Irwin County Detention Center, including leaky toilets in the dormitory that "leave puddles of urine [and] water"; the inadequate number of toilets and sinks (four per one hundred bunks); the insufficient time allotted for inmates to be outdoors ("once a month"); and the lack of a sprinkler system.

Plaintiff also states that inmates who commit minor rule infractions, such as having tobacco or packets of sugar in their possession, are "tasered in the back [around] the kidney area," although Plaintiff does not allege that he himself has received such treatment.  [Id.]  Plaintiff seeks a transfer back to Gwinnett County and a fair trial "before being housed out."  [Id. ¶ V.]  He also seeks compensation for the extra expense to his family and friends associated with his long-distance housing

3

arrangements, as well as compensation for the "mental anguish and anxiety" arising from his unconstitutional imprisonment. [Id.]

### III. Discussion

**A.    Transfer to Irwin County Detention Center**

A pre-trial detainee is protected from unconstitutional deprivations by the Due Process Clause of the Fourteenth Amendment. See Brothers v. Klevenhagen, 28 F.3d 452, 455-56 (5th Cir. 1994). However, "prisoners do not have a constitutional right to placement in a particular institution." McCain v. Scott, 9 F. Supp. 2d 1365, 1370 n.1 (N.D. Ga. 1998) (Story, J.) (citing Olim v. Wakinekona, 461 U.S. 238, 244 (1983) (wherein the Supreme Court noted, with respect to a convicted prisoner, that "an *intrastate* prison transfer does not directly implicate the Due Process Clause of the Fourteenth Amendment")). Accordingly, Plaintiff cannot bring a claim in this Court challenging the location where he is currently housed. Moreover, Plaintiff cannot bring a claim for mental anguish without "a prior showing of physical injury," and he has not alleged a physical injury. See 42 U.S.C. § 1997e(e).

**B.    Access to a law library**

Furthermore, access to a law library "is not required of prisons, but rather is one way of assuring the constitutional right of access to the courts. The mere inability of

4

a prisoner to access the law library is not, in itself, an unconstitutional impediment."
Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000) (citation omitted). See
also Cruz v. Hauck, 515 F.2d 322, 331 (5th Cir. 1975) (stating that "[a]ccess to legal
materials is but one source, albeit an important one, of providing an adequate pathway
to the courts," and "access to the courts may be satisfied either by availability of legal
materials, by counsel, or by any other appropriate device of the State"). Accordingly,
because Plaintiff has an attorney representing him, he cannot make out a constitutional
violation based on the allegedly inadequate law library at the Irwin County Detention
Center.

C.    **Deprivation of the right to counsel**

Plaintiff does not allege that he has been deprived of the right to counsel
outright, but merely contends that consultation with his attorney has been made more
difficult due to the distances involved. [Doc. 1 ¶ IV.] Moreover, even if Plaintiff
were being deprived of the right to counsel, he has state court remedies available in
his ongoing criminal proceedings, and this Court may not interfere in those
proceedings except in exceptional circumstances, which do not appear to exist in this
case. See Younger v. Harris, 401 U.S. 37, 43-44 (1971) (noting "the longstanding
public policy" that federal courts should not intervene in an ongoing state criminal

AO 72A
(Rev.8/82)

prosecution "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief"). See also Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986) (concluding that Younger abstention was appropriate with respect to appellant's Sixth Amendment claim regarding the delay in appointment of defense counsel to represent him at his state court trial because he could "adequately litigate in the ongoing state criminal proceedings his underlying claim of unconstitutional deprivation of counsel, and the potential for federal-state friction [resulting from federal intervention] is obvious") (internal quotations omitted).

## D.   Conditions of confinement

Finally, Plaintiff has not stated a constitutional claim regarding the conditions of his confinement. For there to be a violation of the Eighth Amendment constituting cruel and unusual punishment,[1] "[f]irst, there must be, objectively speaking, conduct by public officials sufficiently serious to constitute a cruel or unusual deprivation—one denying the minimal civilized measure of life's necessities. Second, there must be a

---

[1]Although, as noted above, Plaintiff is protected by the Due Process Clause of the Fourteenth Amendment, not the Cruel and Unusual Punishment Clause of the Eighth Amendment, "the standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments." Marsh v. Butler County, 268 F.3d 1014, 1024 n.5 (11th Cir. 2001) (en banc).

subjective intent by the public officials involved to use the sufficiently serious deprivation in order to punish." Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000) (citations and internal quotations omitted). "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society," however, "extreme deprivations are required to make out a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal quotations omitted). See also Wilson v. Seiter, 501 U.S. 294, 298 (1991) (noting that "[t]he Constitution . . . does not mandate comfortable prisons") (internal quotations omitted). Nevertheless, in order to prevail on an Eighth Amendment challenge to his conditions of confinement, a prisoner "need not await a tragic event before seeking relief, [but] he must at the very least show that a condition of his confinement poses an unreasonable risk of serious damage to his future health or safety." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (citation and internal quotations omitted). See also Wilson v. Blankenship, 163 F.3d 1284, 1291-92 (11th Cir. 1998) (affirming the grant of summary judgment to warden and assistant warden of local jail on federal pre-trial detainee's claim "that both outdoor and indoor exercise were unavailable to him while he was housed" at the jail, and noting that "no clearly established constitutional law required that [plaintiff] have immediate access to outdoor exercise during the time that

AO 72A
(Rev.8/82)

he was at [the jail], where no such facilities existed, and his confinement [there] was brief"); <u>Smith v. Melvin</u>, 1996 U.S. App. LEXIS 20592, at *6 (7th Cir. 1996) (unpublished opinion) (stating that "[l]eaky toilets and puddles are unpleasant but not unconstitutional," and affirming frivolity dismissal of prisoner's claim regarding leaky toilet in his cell because he "did not allege how much standing water accumulated or how extensive was the damage, if any, to his personal belongings," and he did not "allege that the toilet overflowed or flooded the cell with raw sewage, which may have created health hazards"); <u>Parnell v. Waldrep</u>, 511 F. Supp. 764, 771 (W.D.N.C. 1981) (stating that, "provided that inmates . . . are afforded the opportunity for adequate indoor exercise, the court will not require that the jail also provide special facilities for outdoor recreation").  Based on the foregoing representative caselaw, Plaintiff's allegations – that there is an insufficient number of toilets, which also leak; no sprinkler system; and insufficient time afforded to inmates to be outdoors – do not rise to the level of constitutional violations.

Moreover, a plaintiff generally, and an uncounseled prisoner in particular, does not have standing to assert the rights of others. <u>See, e.g.</u>, <u>Church v. City of Huntsville</u>, 30 F.3d 1332, 1340 (11th Cir. 1994); <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir. 1975) (noting that "it is plain error to permit [an] imprisoned litigant who is

8

unassisted by counsel to represent his fellow inmates in a class action"). Accordingly, Plaintiff may not challenge herein the punishment allegedly meted out to other prisoners but not to himself.

## IV. Conclusion

For the foregoing reasons, this Court finds that Plaintiff has failed to state a claim on which relief may be granted, and the instant complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED** this 4ᵗʰ day of January, 2006.

CHARLES A. MOYE, JR.
UNITED STATES DISTRICT JUDGE

9